**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GEORGE J. SEBASTIAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-25-943-HE** |
| | ) | |
| **TOMMY SHARP,**[1] **Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner George J. Sebastian ("Petitioner"), a *pro se* state prisoner,[2] has filed a

Petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 18).[3]  United States

District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. §§ 636(b)(1)(B)-(C) (Doc. 8).  For the reasons set

forth below, the undersigned recommends the Petition be **DISMISSED WITH**

---

[1] Petitioner previously listed the United States and other unnamed parties as Respondents in his habeas petition.  (*See* Doc. 1, at 1).  He changed the Respondent in his amended petition to Tommy Sharp, the interim warden at his correctional center.  (*See* Doc. 18, at 1).  This change comports with the 28 U.S.C. § 2254 requirement that a habeas respondent be the state officer with custody over the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

**PREJUDICE** because it is clear from the face of the Petition that it is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## I.    Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II.    Background

Petitioner is a state inmate currently confined at the Joseph Harp Correctional Center in Lexington, Oklahoma. (Doc. 18, at 1); *see also* OK DOC# 216047, Oklahoma Department of Corrections OK Offender.[4] On May 17, 1993, Petitioner pled guilty to one count of rape in the first degree and one count of indecent exposure in the Comanche County District Court. (Doc. 18, at 1); *see also* Comanche County District Court, Case No. CF-1993-81.[5] Petitioner is currently serving a life sentence on his rape conviction.

---

[4] https://okoffender.doc.ok.gov (last visited May 6, 2026).

[5]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-1993-81&cmid=2543 (*docket sheet*) (last visited May 6, 2026). The undersigned takes

(Doc. 18, at 1); *see also* Comanche County District Court, Case No. CF-1993-81, *supra* note 5.

In the years following Petitioner's conviction, Petitioner submitted many filings in the state and federal courts related to his 1993 conviction. Importantly, on May 9, 1996, the Oklahoma Court of Criminal Appeals ("OCCA") granted Petitioner's request to file an out-of-time appeal for his criminal conviction. OCCA, Case No. PC-1996-268.[6] On January 9, 1997, the OCCA affirmed Petitioner's judgment and sentence. OCCA, Case No. C-1996-603.[7]

Petitioner initiated this habeas action on August 11, 2025, in the United States District Court for the Middle District of Florida. (Doc. 1, at 4). On August 20, 2025, the case was transferred to the Western District of Oklahoma. (Doc. 4, *docket entry*). On August 22, 2025, the Court ordered Petitioner to cure his initiating document, which was not on the proper form and did not provide the Court with information required by the form

---

judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[6]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-1996-268 (*docket sheet*) (last visited May 6, 2026).

[7]https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=C-1996-603&cmid=33725 (*docket sheet*) (last visited May 6, 2026). Petitioner's appeal to the OCCA is styled as a petition for a writ of certiorari because "[i]n Oklahoma, if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).

3

and necessary for screening.  (Doc. 9).  On October 20, 2025, Petitioner filed his Amended

Petition.  (Doc. 18, at 16).  In it, Petitioner raises only one ground for relief, titled "Denial

of Due Process of Law."  (*Id.* at 5).  Petitioner challenges the state trial court's jurisdiction

over him, stating "he was an active duty service man in the United States Army, and a

lawful resident of the State of Florida, at the time" of his prosecution.  (*Id.*)  Petitioner also

filed an Informal Brief in Support of Habeas Corpus, (Doc. 19), requesting counsel,

alleging that Oklahoma's lack of jurisdiction renders the OCCA unable "to entertain an

appeal in his favor," and labeling the process of his pre-trial competency hearing a

"fundamental miscarriage of justice."  (*Id.* at 2-6).[8]

## III.    The Petition Is Time-Barred by AEDPA.

AEDPA established a one-year limitations period for federal habeas claims brought

by petitioners in state custody.  28 U.S.C. § 2244(d)(1).  According to it, the limitations

period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[8] This brief, outside of the header, title, and opening paragraph, is identical to a previous filing in this matter.  (*See* Doc. 11).

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

Petitioner does not allege any facts implicating §§ 2244(d)(1)(B)-(D), so the timeliness of his Petition is subject to § 2244(d)(1)(A). Because Petitioner was granted an out-of-time appeal to the OCCA and he did not seek review of the OCCA's decision by the United States Supreme Court, (*see* Doc. 18, at 3), his judgment became final when the time to file a petition for certiorari passed. *Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). A petition for certiorari must be filed with the United States Supreme Court within 90 days of the entry of judgment by the state court of last resort. Sup. Ct. R. 13(1). The OCCA affirmed the judgment and sentence on January 9, 1997, so Petitioner's judgment became final 90 days later, on April 9, 1997. The one-year statute of limitations began the next day. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Thus, Petitioner had until April 10, 1998, to file his habeas petition, absent any tolling event. *See id.* (noting the limitations period began the day after the judgment became final and ended one year later on the same day).

AEDPA includes a statutory tolling provision during the one-year limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2).  But Petitioner is not entitled to statutory tolling under AEDPA because he did not seek collateral review of his conviction during the limitations period.  Petitioner is also not eligible for equitable tolling, which requires "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Petitioner does state his Petition is timely because "courts have declined reception" of his claims.  (Doc. 18, at 15).  But to the extent this is construed as a request for equitable tolling, it fails because the state and federal courts' *disposition* of his legal claims is unrelated to Petitioner's untimely *filing* of them.  Thus, this action should be dismissed as untimely.  *See Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (denying request for certificate of appealability because "claim that the trial court lacked jurisdiction to accept" guilty plea was untimely under AEDPA).

## IV.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (Doc. 18), be **DISMISSED with prejudice as untimely**.  It is further recommended that Petitioner's Motion for Special Leave to Assume Original Jurisdiction, (Doc. 11), be **DENIED** as moot.

**The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 27, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives

his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 6th day of May, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE