**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

GEORGE J. SEBASTIAN,              )
                                    )
           Petitioner,        )
                                      )
-vs-                            )     NO. CIV-25-0943-HE
                                      )
TOMMY SHARP, Warden,      )
                                    )
           Respondent.      )
                                    )

## <u>ORDER</u>

Petitioner George J. Sebastian, a state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 and brief in support [Doc. #18, Doc. #19]. He also filed a motion for special leave to assume original jurisdiction [Doc. #11]. On May 6, 2026, United States Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation [Doc. #20], recommending the petition be dismissed with prejudice as untimely and the motion for special leave be denied as moot. She advised petitioner of his right to file an objection to the Report and Recommendation on or before May 27, 2026 and that failure to file a timely objection to the Report and Recommendation waives his right to appellate review of both factual and legal issues therein contained.

The court has received a timely objection to the Report and Recommendation [Doc. #21]. However, the objection does not raise any specific issue with regard to the magistrate judge's recommended ruling that his petition is untimely. Instead, petitioner argues the merits of his claims in the petition. Under Tenth Circuit law, "a party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve

an issue for de novo review by the district court or for appellate review." U.S. v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added).  An objection is sufficiently specific if it "enables the district court to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Id.  Here, petitioner's objection does not address the one-year limitations period in 28 U.S.C. § 2244(d)(1) or the statutory or equitable tolling of that period.  The court concludes that petitioner has waived de novo review by the court with respect to the recommended ruling.  Therefore, the court will adopt the Report and Recommendation in its entirety.

Even if petitioner's objection should be construed as raising specific issue with respect to the timeliness of his petition or the interests of justice require the court's de novo review, the court, having conducted a de novo review, concurs with the analysis of the magistrate judge.  The court finds no need to repeat that analysis here.  Therefore, the court will adopt the Report and Recommendation in its entirety.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States Courts require the court to issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of the constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the court

concludes that petitioner cannot make the required showing.  A certificate of appealability will therefore be denied.

Accordingly, for the reasons stated, the court **ADOPTS** the Report and Recommendation [Doc. #20].  The amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as untimely.  The motion for special leave to assume original jurisdiction [Doc. #11] is **DENIED as MOOT**.  The court **DENIES** a certificate of appealability.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 28th day of May, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

3